## Case No. 8,702.

McCLOSKEY v. COBB et al.

[2 Bond, 16.] [1]

Circuit Court, S. D. Ohio. April Term, 1866.

COURTS—FEDERAL JURISDICTION—WANT OF—HOW TAKEN ADVANTAGE OF—VOLUNTARY APPEARANCE—WAIVER.

1. In the courts of the United States, if at any stage of a suit it becomes apparent that the court has not jurisdiction no further proceedings will be had, and the case will be dismissed on that ground as to those parties to whom the objection applies.

2. A suit was brought by a citizen of Illinois in the Southern district of Ohio upon a joint contract against two defendants, one of whom resided in said district and the other in the state of Indiana. The declaration averred the residence of the defendants, and the return of the marshal showed service on both, but the declaration did not aver that the defendant residing in Indiana was served within the Southern district of Ohio: *Held*, that in such case it was not necessary to aver on the record that the defendant, residing in Indiana, was served within said district, and that by virtue of section 1 of the act of February 28, 1839 [5 Stat. 321], jurisdiction was conferred upon the court to proceed to the trial and adjudication of such suit as against all parties regularly served with process.

3. Where a co-defendant, who resides in a district other than the one where suit is brought, voluntarily appears and pleads to the suit jointly with the other defendants, it is a waiver of any exception to the jurisdiction of the court.

[This was a suit by H. F. McCloskey against O. P. Cobb & Co. Heard on a motion by defendants to dismiss the case upon a question of jurisdiction.]

Aaron F. Perry, for plaintiff.

R. M. Corwine and T. D. Lincoln, for defendants.

OPINION OF THE COURT. In this case a motion has been made and fully argued to dismiss this case as to the defendant Cobb, on the ground that as to him this court has no jurisdiction. The suit is brought on a joint contract or liability on the part of the defendants. The declaration avers that the plaintiff is a citizen of the state of Illinois, and that the defendant Christy is a citizen of Ohio, and Cobb a citizen of Indiana. The return of the process shows service on both the defendants, but the declaration does not aver that Cobb was served within this district. The defendants have at a previous term entered their appearance by counsel, and have filed a joint plea of the general issue to the suit, and have also interposed some intermediate motions in the case.

The question for the decision of the court is, whether from the facts averred in the declaration there is jurisdiction as to the defendant Cobb. It is insisted by his counsel, that in a joint action the plaintiff must not only have the right to sue in this court, but that both of the defendants must be liable to be sued here, and that Cobb, being a citi-

1 [Reported by Lewis H. Bond, Esq., and here reprinted by permission.]

zen of Indiana, can not be amenable to the jurisdiction of this court. It is a well-settled principle in the courts of the United States, affirmed by repeated decisions of the supreme court, that if at any stage of a suit it becomes apparent that the court has no jurisdiction, no further proceedings will be had, and the case will be dismissed on that ground as to those parties to whom the objection applies.

The present motion presents two questions: 1. Whether the defendant Cobb, having appeared in the action and joined with his co-defendant in a plea of the general issue, can now avail himself of the want of jurisdiction in the court. 2. Whether, if he has not waived his right to object to the jurisdiction, such objection can be sustained on the general ground that it is not conferred by statute.

1. As to the first of these inquiries, upon the authority of the case of Gracie v. Palmer, 8 Wheat. [21 U. S.] 699, there seems to be no reason for doubt. That was a suit brought by alien plaintiffs, in the circuit court of Pennsylvania, against the defendants, citizens of the state of New York. In the supreme court objection was taken to the jurisdiction of the circuit court of Pennsylvania, that the record did not show the defendants were inhabitants of or were found in the district of Pennsylvania at the time of the service of process. Chief Justice Marshall delivered the opinion of the court overruling the objection. He held "that it was not necessary to aver on the record that the defendant was an inhabitant of the district or found therein;" and "that it was sufficient if the court appeared to have jurisdiction by the citizenship or alienage of the parties." It was also held, that "the exemption from arrest in a district in which the defendant was not an inhabitant, or in which he was not found at the time of serving the process, was the privilege of the defendant, which he might waive by a voluntary appearance; that if process was returned by the marshal served upon him within the district, it was sufficient; and that where the defendant voluntarily appeared in the court below without taking the exception, it was an admission of the service, and a waiver of any further inquiry in the matter." This decision was under section 11 of the judiciary act of 1789 [1 Stat. 78], which provides, among other things, that the courts of the United States shall have jurisdiction when the suit is between a citizen of the state where the suit is brought and a citizen of another state; and provides further, "that no civil suit shall be brought in a circuit court against an inhabitant of the United States by any original process in any other district than that whereof he was an inhabitant, or in which he shall be found at the time of serving the writ."

In the case cited from 8 Wheat. [21 U. S.], as in the case before this court, there was no averment in the declaration that the defend-

ants, not being citizens of the state in which suit was brought, were served with process within that state. The court held that the return of service by the marshal, as to a party not a citizen of the district where the suit was brought, was conclusive evidence that he was found within such district, and therefore liable to process there. And that if he wished to avail himself of the personal privilege of exemption from being sued in such district, he must do so before appearing to the suit; and that having voluntarily appeared, it was an admission of the service and a waiver of all exception to the jurisdiction. It would therefore seem clear, upon the authority of this case, that the voluntary appearance of the defendant Cobb, and pleading to the suit jointly with his co-defendant, was a waiver of any exception to the jurisdiction of the court, and that the present motion might be overruled on that ground.

2. The second point suggested, namely, whether supposing the objection to the jurisdiction is not waived as to the defendant Cobb, is there apparent on the face of the declaration such a clear want of jurisdiction as to require the court to dismiss the case as to him, I shall notice very briefly. The argument in support of the present motion is, that as section 11 of the act of 1789 limits the jurisdiction of the circuit courts, in reference to the citizenship of the parties to suits "between a citizen of the state where the suit is brought and a citizen of another state," and that as the defendant Cobb is a citizen of Indiana, and the plaintiff a citizen of Illinois, the court can not take jurisdiction as to Cobb. And the exception is probably well taken, if the question depends for its solution on the construction of the clause of the act of 1789 just quoted. I do not propose to discuss or decide whether this restrictive clause is in conflict with the provision of the constitution of the United States declaring that the jurisdiction of the courts shall extend "to controversies between citizens of different states." This language is very comprehensive, and certainly affords no intimation of an intention to limit the jurisdiction to cases "between a citizen of the state where the suit is brought and a citizen of another state." It may be competent for congress to impose this restriction, but it is a fair inference that it was not contemplated by the framers of the constitution. That instrument does not make it a requisite of jurisdiction that either party should be a citizen of the state in which the suit is brought; nor is it apparent that, in cases of joint liability, it should be required on any principle of public policy. But, if it be conceded that under the act of 1789, jurisdiction as to the defendant Cobb could not be exercised, it is clearly conferred by section 1 of the act of February 28, 1839 [5 Stat. 321]. It provides "that where in any suit at law or equity, commenced in any court of the United States, there shall be several defendants, any one or

more of whom shall not be inhabitants of, or found within the district where suit is brought, or shall not voluntarily appear thereto, it shall be lawful for the court to entertain jurisdiction, and proceed to trial and adjudication of such suit between the parties properly before it; but the judgment or decree rendered therein shall not conclude or prejudice other parties not regularly served with process, or not voluntarily appearing to answer." The scope and intention of this section has been often considered by the supreme court, as well as by the circuit courts, and it is not necessary to reproduce their views in regard to it. Under the restrictive clause of section 11 of the judiciary act of 1789, before adverted to, great inconvenience and difficulties had been experienced in joint actions where some of the defendants were not inhabitants of the state or district in which suit was brought, or were not served with process within it. Acting under the doctrine of the common law, that all the parties to a joint contract must be sued, the courts held that they could not render judgment against those within the district where suit was brought, unless the other parties to the contract were made parties to the suit, and were brought within the jurisdiction of the court by the service of proper process. As to parties in regard to whom there was no jurisdiction given by law, it was properly held by the courts that consent could not give it. The act of 1839 obviously conferred jurisdiction in a class of cases in which it did not previously exist. And it barred a joint contractor, not a party to the judgment, from asserting as a defense that the debt was extinguished by a judgment against one or more of the joint debtors.

In the case of Louisville, C. & C. R. Co. v. Letson, 2 How. [43 U. S.] 497, the court held distinctly that the act of 1839 enlarged the jurisdiction of the courts; and under the authority of that case there is no doubt that this court has jurisdiction of the defendant Cobb. The railroad company in that case was a corporation created by a law of South Carolina, and Letson, a citizen of the state of New York, sued the corporation, in the circuit court of South Carolina, for an alleged violation of a contract with him. The railroad company interposed a plea to the jurisdiction of the court, on the ground that certain persons were stockholders in the company who were citizens of North Carolina and not subject to the jurisdiction of the court in that suit. The plea was demurred to, and was sustained by the circuit court. The case was taken to the supreme court by writ of error, and the judgment of the court below was sustained. Now, although that was a suit against a corporation, one of the questions arising in the case, and decided by the court, was the same as that involved in the present motion. The plaintiff Letson was a citizen of New York, and sued the railroad company in South Carolina. The court held

that the residence of some of the corporators in another state did not take away the jurisdiction of the court. In their opinion the supreme court, as one ground of their judgment, hold that under the act of 1839 the court below had jurisdiction of the case. The court say, in reference to that act, "that it enlarges the jurisdiction of the courts, comprehends the case before us, and embraces the entire result of the opinion we shall now give." And again: "If the act, in fact, did no more than to make a change by empowering the courts to take cognizance of cases other than such as were permitted in that clause of section 11 (of the act of 1789) which we have just cited, it would be an enlargement of the jurisdiction as to the character of the parties." . . . . "The general words (act of 1839) embrace every suit at law or in equity in which there shall be several defendants, any one or more of whom shall not be inhabitants of, or found within the district where the suit is brought, or who shall not voluntarily appear thereto." The result of the doctrine affirmed by the supreme court, as I understand, is, that the act of 1839 modifies or supersedes the clause in section 11 of the act of 1789, limiting the jurisdiction of the courts to suits "between a citizen of the state where the suit is brought and a citizen of another state," and enlarges the jurisdiction so as to embrace all suits against two or more persons involving a joint liability, although the plaintiff and one or more of the defendants are not citizens of the state in which suit is brought. This conclusion obviously presupposes, as necessary to the exercise of jurisdiction, that the parties, not citizens of the district where suit is brought, have been served with process within the district or have voluntarily appeared to the action.

In the present case these last requirements are both fulfilled. The defendant Cobb was served within the district, and also voluntarily appeared to the action. The latter proposition—the voluntary appearance of the defendant—I think is clearly sustainable as a legal conclusion. He made no objection to the jurisdiction of the court until after he had appeared and filed his plea to the action. The case of Taylor v. Cook [Case No. 13,789] involved substantially the same question presented in the present motion. The plaintiffs were citizens of New York; Cook was a citizen of Illinois, where the suit was brought, and Spalding the other defendant, was a citizen of Missouri. The writ was served on Cook, and Spalding entered a voluntary appearance. It was objected in that case, that as the plaintiffs were citizens of New York, and Spalding a citizen of a state other than that in which the suit was brought, the court had no jurisdiction. Judge McLean held—properly, as I think—that under the act of 1839, the voluntary appearance of Spalding gave the court jurisdiction as to both the defendants. It seems clear, therefore, that in

the present case the service of process upon Cobb within the district gives jurisdiction as to him. This brings the case within the purview and intention of the act of 1839, and if the service of process within the district had not this effect, his voluntary appearance and putting in a plea to the action was a waiver of all exception to the jurisdiction of the court.

I have not thought it necessary to refer to the numerous cases cited by the learned counsel for the defendants. I am well aware that up to the time of the decision in 2 Howard, before referred to, the law on the question raised on this motion had been placed on a different footing from the decision in that case. But so far as that case touches the construction of the act of 1839, it has been received as authorative. There was no dissent from the opinion of Judge Wayne on that part of the case, nor has it in any way been overruled or disaffirmed by the supreme court.

The motion to dismiss the suit as to Cobb is overruled.